Colcock, J.
delivered the opinion of the Court,
There are four of the many grounds, taken in this case, which may be considered as properly legal grounds. The first is, “that the clerk in calling over the jury, pursued the order in which they were impanelled, instead of that in which their names appeared in the venire,
This ground was not very seriously urged by the prisoner’s counsel; and for that reason, as well as because it was not made on the trial, little need be said of it. If there were any thing in the ground, the very circumstance of its not having been relied on below, would be sufficient, in such a matter, to induce the Court to reject it. But there can be no well founded objection to calling over the jury in the manner in which the clerk proceeded in this case; and if there were, no injury could result to the prisoner, for he is not thereby precluded from his right of challenge, nor even restrained in its exercise. If he pro *332 ceeds in his challenges in the manner, in which the law di~ recjg ]-,jm t0 proceed, it is wholly immaterial how the panel is called. On his arraignment, if he thinks it necessary to his defence, he may demand a copy of the indictment, a list of the panel, and three days to prepare ; so that he has a full opportunity of selecting his jury.
The second ground is, “that the presiding Judge erred, in rejecting evidence of the declarations of the defendant, made at the time he shewed the cotton, which was alleged to have been • stolen, explaining the time and manner by which it came into his possession, which it is submitted ought to have been admitted as a part of the res gestee.'’'’
There can be no doubt that the evidence was properly rejected. The rule relied on has no application ; the case did not depend on the confession of the accused, or any state of facts connected with any declarations of his. The cotton was traced into his possession, and the presiding Judge reports, that after the witness had sworn to all the facts, by which they bad been directed to the defendant’s house, and stated that he, the defendant, had shewed them the cotton, his counsel asked, that the witness should be required to state, what he had said in relation to the “time and manner in which he had acquired it;” which in fact would have been to permit the defendant to make evidence for himself. When expressions are necessary to give character to acts, they become a part of the res gestee ; or where a confession is relied on, the whole must be given in evidence. The authority referred to by the defendant’s counsel, most clearly explains the rule on which he relies, and shews that it is wholly inapplicable to the state of things in this case. Mr. Starkie say¡-, “it is to be observed, that in these cases when declarations or entries are admitted in evidence as a part of the res gestee, or transaction, they are admitted on the presumption that they elucidate the facts with which they are connected, having been made without piemeditation or artifice, and without a view to the consequences.” Stark. Ev. part 1. 49. Now need it be asked, if such was the character of the declarations rejected by the Court? Did they tend to elucidate the subject? Were they made without a view to the consequences ? It was the case of one found iu possession of goods recently lost. He was bound, says the law, to account for the possession, but not *333 by his own declarations; for if that was all that was required, the role would be of little value.
The ns'xt «round which I shall notice is, “that there was no proof of the value of the cotton alleged to have been stolen.” Where the article is of intrinsic worth, proof of the value is not absolutely necessary, for the jury cannot go wrong on the subject, where they find the defendant guilty of petit larceny : if the article be of any value, it is the subject of petit larceny. If the thing stolen be proved to be worth twenty dollars, the jury may estimate it at less than a shilling, for the purnose of finding the defendant guilty of the lesser offence, as has been often ruled.
The last of the grounds which may be considered a legal ground, is, “that the Court erred in’ stating to the jury, that about five dollars of our present, coin is the sum, at which the line is now drawn hy our Courts, between grand and petit larceny.” This, at least, could do the prisoner no injury. If the cotton stolen was worth one cent, the crime of petit larceny was complete ; and if it was worth the larger sum, it was certainly worth the smaller.- To have rated the sum necessary to complete the greater offence too high, was, therefore, a benefit, rather than an injury to the defendant; and is no ground for a new trial.
The other grounds relate to the facts, and it is not necessary to notice them all. I shall remark on one of them for its importance, and on another for its novelty. The first is the objection to the sufficiency of the evidence adduced as to the identity of the cotton. This, of course, is always a question of fact for the jury, and the degree of proof depends on the time which has' elapsed, between the commission of the theft, and the discovery. If the possession be not recent, it is necessary to give strict proof of the identity, “ which is not so necessary, where the possession is very recent ; as where a man comes out of a barn with corn concealed on his person, or where he is in possession of sugar which he cannot account for, just after he has left the dock where a quantity of similar sugar is deposited.” Stark. Ev. part 4. 840. ' Wow here the defendant had not long been at home before the pursuers came up, and the eotton had been followed from the spot where it-had been taken up into the wagon ; and it was cotton which had been packed, *334 and of the same sort with that which had been lost. So that there was enough to satisfy the jury as to the identity.
The other ground, and the last upon which I shall remark, is, “ that the presiding Judge refused to state to the jury that there were many persons in this, country, from whom the defendant may have bought the cotton, who co.uld not be heard in Court, as that was insisted on as a ground of defence.” I am at a loss to conceive how a mere possibility, unsupported by a shadow of evidence, could be a legitimate ground of defence. He may, it is true, have bought the cotton of a negro ; but why not as well suppose that he found it ? There is as much grou nd for the one supposition as for the other. A jury may be influenced by probabilities arising from a well connected chain of facts. But if they were bound to follow the accused or his counsel through the regions of fancy, it would be no difficult task for them to conjure up agents of any colour to screen the accused from punishment.
It is not necessary to notice the other grounds taken, as they only contain objections to the views presented by the Judge on different points of the evidence. On the whole, we can see no ground for granting the motion ; and it is, therefore, dismissed.
Motion refused.